IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHAHEEM FRIEND<br>2944 N. Orianna Street<br>Philadelphia, PA 19140<br>       Plaintiff<br><br>       v.<br><br>CITY OF PHILADELPHIA<br>C/O CITY LAW DEPARTMENT<br>1515 Arch Street<br>Philadelphia, PA 19102<br>and,<br><br>PHILADELPHIA DISTRICT<br>ATTORNEY'S OFFICE<br>C/O CITY LAW DEPARTMENT<br>1515 Arch Street<br>Philadelphia, PA 19102<br>and,<br><br>A.D.A. CARLOS VEGA<br>C/O CITY LAW DEPARTMENT<br>1515 Arch Street<br>Philadelphia, PA 19102<br>and,<br><br>JOHN DOES 1 - 3, ADA'S<br>C/O CITY LAW DEPARTMENT<br>1515 Arch Street<br>Philadelphia, PA 19102<br>       Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

1. Plaintiff, Rhaheem Friend, is a citizen and resident of Philadelphia, Pennsylvania and the United States of America.

2. Defendant, City of Philadelphia, is a municipality and agent of the Commonwealth of Pennsylvania. Defendant City Of Philadelphia manages and oversees the Philadelphia District Attorney's Office and Philadelphia Prison System.

3. Defendant, Philadelphia District Attorney's Office, is an agent of City of Philadelphia and the Commonwealth of Pennsylvania.

4. Defendant, Carlos Vega, is an Assistant District Attorney employed by the City of Philadelphia District Attorney's Office.

5. Defendants, John Does 1-3, are employees of the Philadelphia District Attorney's Office employed as Assistant District Attorneys and/or in supervisory roles within the District Attorney's Office.

6. Plaintiff sues each and all Defendants in their individual and official capacities.

7. At all times material to this Complaint, Defendants Vega and John Does 1-3 acted under color of law and under the color of the statutes, customs, ordinances and usage of the State of Pennsylvania, City of Philadelphia and Philadelphia District Attorney's Office.

8. At all times relevant, Defendants acted jointly and in concert with each other. Each individual Defendant had the duty and opportunity to protect the Plaintiff from the unlawful actions of the other Defendants but each Defendant failed and refused to perform such duty, thereby proximately causing Plaintiff's injuries.

9. At all times relevant, Defendants Vega and John Does were employed as Assistant District Attorneys or employees for the City of Philadelphia and Philadelphia District Attorney's Office.

10. At all times relevant hereto, Defendant City of Philadelphia was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment and under the direct control of the Defendant City.

11. At all times relevant hereto, Defendant Philadelphia District Attorney's Office was

acting through its agents, servants and employees, who were acting within the scope of their authority and course of their employment with the District Attorney's Office.

12. In the criminal case of the <u>Commonwealth of Pennsylvania v. Darnell Williams Powell</u> before the Philadelphia Court of Common Pleas, Criminal Division, Plaintiff provided eye witness testimony at a preliminary hearing ( and in a sworn statement) that he witnessed Powell shoot a victim who later perished from gunshot wounds. The murder occurred in or around the Spring 2015.

13. Plaintiff was identified in a video of the shooting and, eventually, was questioned by Philadelphia Police Detectives. Plaintiff gave a statement identifying Powell as the shooter.

14. Subsequently, at the preliminary hearing of Mr. Powell, Plaintiff testified and identified Powell as the shooter of the victim.

15. After Plaintiff testified at Powell's preliminary hearing, the trial judge ordered that homicide charges be bound over for a trial against Powell.

16. Subsequently when Plaintiff returned home, approximately four men, believed to be associates of Powell and carrying weapons, came knocking at Plaintiff's door.

17. Plaintiff contacted the police and was able to avoid injury.

18. As a key witness in a murder prosecution, Plaintiff became subject to retaliation from associates of Powell and Powell's family and feared for his life.

19. Plaintiff sought help from Taneisha Gordon, an employee of the District Attorney's office. Ms. Gordon's duties included assisting witnesses in the witness protection/relocation program.

20. Through the relocation/protection program, Plaintiff was relocated to a hotel

somewhere outside of Philadelphia.

21. Plaintiff's relocation at the hotel ended in or around early October of 2015.

22. Plaintiff contacted Ms. Gordon at the District Attorney's Office and requested to be placed in a relocation program and relocated to a safe place out of state.

23. On or about October 21, 2015, Plaintiff was directed by an administrative employee of the District Attorney's Office to travel to the District Attorney's Office in Center City Philadelphia.

24. Plaintiff complied. When he reached the District Attorney's Office, he was directed to Defendant Vega, the ADA that was prosecuting the case for the Commonwealth against Powell.

25. Defendant Vega had been the prosecutor that questioned Plaintiff at the preliminary hearing. As a witness in the Powell case, Plaintiff was familiar with Defendant Vega.

26. Defendant Vega met with Plaintiff and told him to accompany him to the Criminal Justice Center, courtroom 705, and that when they got there that he would be placed in a witness protection program.

27. Instead of being placed into a witness protection program, Defendant Vega had Plaintiff detained, handcuffed and taken into custody.

28. No hearing or due process took place with regard to the detention/arrest of Plaintiff.

29. As Plaintiff was being detained, Defendant Vega told Plaintiff that "after he testified [in the Powell case] that he would be released."

30. On or about October 21, 2015, Plaintiff was taken into custody and imprisoned in the Philadelphia Prison System for the next 19 months.

31. As of the filing of this Complaint, Mr. Powell's criminal trial has not yet occurred.

32. At no time during the 19 months that Plaintiff was incarcerated did he have any hearings or any other proceedings to address the reasons and propriety for his imprisonment.

33. On May 18, 2017, Plaintiff was taken to a secured lock-up room next to Courtroom 705 in the CJC. Defendant Vega met with Plaintiff in the lock-up room and informed Plaintiff that he was going to be released from prison.

34. Defendant Vega did not provide Plaintiff with any explanation for his actions.

35. Plaintiff was taken back to CFCF and released from prison later that day.

36. At no time during his incarceration, was Plaintiff contacted by Defendant Vega or any other personnel from the District Attorney's office.

37. At no time during his incarceration was Plaintiff afforded any hearing or due process to address the reasons or propriety for his incarceration.

38. Defendant, City of Philadelphia, failed to monitor the District Attorney's Office to prevent unlawful detainments, arrests and imprisonment of witnesses who provided key testimony in serious cases such as in the homicide case against Powell.

39. Defendant, Philadelphia District Attorney's Office, failed to monitor, train, discipline and manage its employees, including Defendant Vega, from engaging in tortious and abusive conduct so as to prevent incidents such as those that occurred to Plaintiff.

40. At all times relevant, Defendants, City of Philadelphia and Philadelphia District Attorney's Office, acquiesced in the unconstitutional acts of Defendant Vega and other employees of the District Attorney's Office.

41. During his incarceration, Plaintiff was threatened with serious bodily harm by friends

and associates of Powell. As a result of these threats, Plaintiff requested and was eventually placed in protective custody.

42. The conduct of Defendant Vega is so outrageous as to go beyond all societal norms and expected behavior of an Assistant District Attorney.

43. The conduct of the other Defendants is equally outrageous in that they failed to monitor, train, discipline, supervise and manage employees like Defendant Vega so that Defendant Vega could feel empowered to violate Plaintiff's 4th Amendment rights and cause his detention for a period of 19 months.

44. Defendants' aforesaid actions constitute unreasonable seizure, false imprisonment and denial of due process of the law. All of these rights are secured to Plaintiff by provisions of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983 and 1988.

45. As a result of Defendants' aforesaid conduct, Plaintiff has suffered mental anguish, humiliation, embarrassment, oppression, pain and suffering, economic losses, loss of life's pleasures and enjoyment, and other damages all to Plaintiff's detriment.

### COUNT I - Plaintiff v. Defendant Vega
### 42 U.S.C. §1983 - Fourth Amendment Unlawful Detainment/False Imprisonment

46. Plaintiff incorporates by reference paragraphs 1 through 45 of this Complaint as though same were fully set forth at length herein.

47. Plaintiff, Rhaheem Friend, was damaged and injured by Defendant Vega in that he, as described in detail in the preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law.

48. More specifically, Defendant Vega intentionally, unreasonably and unlawfully detained and imprisoned Plaintiff, against his will, without probable cause and without due process in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution and these actions are the actual and proximate cause of the Plaintiff's injuries as set forth in paragraph 44 above.

### COUNT II - Plaintiff v. City and District Attorney's Office
### 42 U.S.C. §1983 MONELL CLAIM

49. Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint as though same were fully set forth at length herein.

50. Defendants, City of Philadelphia and Philadelphia District Attorney's Office, developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons like Plaintiff in the City of Philadelphia, which caused the violation of Plaintiff's rights.

51. Defendants City and District Attorney have a custom and a history of allowing ADA's to engage in unconstitutional and tortious conduct, such as unlawfully and unreasonably detaining civilian witnesses like Plaintiff, without probable cause and without due process.

52. It is and/or was the policy and/or custom of the Defendants City of Philadelphia and Philadelphia District Attorney's Office to fail to sufficiently supervise against, train and/or re-train against, and discipline against illegal ADA activity as described herein.

53. It is and/or was the policy and/or custom of Defendants, City of Philadelphia and Philadelphia District Attorney's Office, to fail to sufficiently supervise against, train and or re-train against, and discipline against complicity by the Philadelphia District Attorney's Office regarding illegal detentions and imprisonments without any legitimate reason or probable cause.

54. As a result of the above-described policies and customs and/or the lack thereof, ADA's

employed by the City of Philadelphia, including Defendant Vega, believed that their actions would not be properly monitored and that misconduct would not be investigated or sanctioned, but would be tolerated.

55. Because of these customs and policies, in this case, Plaintiff was unlawfully and unreasonably detained for 19 months and held captive in the Philadelphia Prison System.

56. As a result of all Defendant's conduct, Plaintiff suffered and continues to suffer pecuniary damages, emotional distress, mental anguish, loss of reputation, scorn of the community and/or related financial losses.

### COUNT III - False Imprisonment and Abuse of Process- State Law Claims

57. Plaintiff incorporates by reference paragraphs 1 through 56 of this Complaint as though same were fully set forth at length herein.

58. On or about October 21, 2015, Defendants, acting in concert, conspiracy and/or jointly, did knowingly, intentionally, negligently, maliciously and/or recklessly falsely imprisoned Plaintiff in the absence of probable cause or other reasonable and lawful basis.

59. As a result of all Defendants' conduct, Plaintiff suffered and continues to suffer pecuniary damages, emotional distress, mental anguish, loss of reputation, scorn of the community and/or related financial losses.

60. The actions of all Defendants exceeded the normal standards or decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable.

61. As a result of all Defendants' conduct, Plaintiff suffered and continues to suffer pecuniary damages, emotional distress, mental anguish, loss of reputation, scorn of the community and/or related financial losses.

## COUNT IV - Respondeat Superior

62. Plaintiff incorporates by reference paragraphs 1 through 61 of this Complaint as though same were fully set forth at length herein.

63. At all times relevant, Defendants, City of Philadelphia and Philadelphia District Attorney's Office, were the employer of Defendant Vega.

64. At all times relevant, Defendant Vega was employed by, and was an agent, servant, contractor, independent contractor and/or employee of Defendant City of Philadelphia.

65. From October of 2015 through May 18, 2017, Defendant Vega was working within the course and scope of his employment for the City of Philadelphia District Attorney's Office when he detained Plaintiff and illegally incarcerated him for a period of 19 months.

66. The above-described acts of Defendant Vega were committed within the scope of his employment for the City of Philadelphia District Attorney's Office in that said acts were committed while he was on duty and acting in furtherance of the business of the City of Philadelphia.

67. As a result of the foregoing acts of Defendant City of Philadelphia, Plaintiff suffers and continues to suffer pecuniary damages, emotional distress, mental anguish, loss of reputation, scorn of the community and/or related financial losses..

**WHEREFORE**, Plaintiff demands judgment against the Defendants and each of them, jointly and severally, as follows:

a. Appropriate declaratory relief;

b. Compensatory damages in an amount this Court shall consider to be just, reasonable and fair;

c. Damages for pain and suffering;

d. Punitive damages in an amount the Court shall consider to be just, reasonable and fair;

e. Attorney fees and the costs of this action; and

f. Such other relief as this Court shall consider to be fair and equitable.

Date: October 11, 2017

_____
WILLIAM J. FOX, ESQUIRE
Law Offices Of William J. Fox, P.C.
1626 Pine Street
Philadelphia, PA 19103
(215) 546-2477
Attorney for Plaintiff