IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHAHEEM FRIEND, | : |
|                         Plaintiff, | :   CIVIL ACTION |
| v. | :   NO.   2:17-cv-04560-TJS |
| CITY OF PHILADELPHIA, ET AL., | :   <u>JURY TRIAL DEMANDED</u> |
|                         Defendants. | : |

<u>REPORT OF RULE 26(f) MEETING</u>

**1. DISCUSSION OF CLAIMS, DEFENSES AND RELEVANT ISSUES:**

**Plaintiff:**

On July 8, 2015, Plaintiff was the only witness who testified at the preliminary hearing in the case of the <u>Commonwealth of Pennsylvania v. Darnell Williams Powell</u>. Powell is a known drug lord in Philadelphia. Plaintiff put his life in jeopardy by testifying against Powell and identifying him as the murderer in a homicide case. After Plaintiff testified at Powell's preliminary hearing, the trial judge ordered that homicide charges be bound over for a trial against Powell. In an unrelated matter, on June 10, 2015, Plaintiff had been arrested in an unrelated matter and was taken into custody. Plaintiff was also on probation at the time of the June arrest stemming from a plea that took place in December of 2014.

After Plaintiff testified in the Powell preliminary hearing, he was released from prison. On August 24, 2015, Plaintiff entered into a non-negotiated plea of guilty (with regard to the June 10, 2015 arrest) to a drug offense. His sentence was deferred, which recently took place on October 26, 2017.

In the Summer of 2015, after Plaintiff testified, he was subjected to threats and retaliation

from associates of Powell. Fearing for his life, Plaintiff requested witness protection. The District Attorney's Office agreed to place Plaintiff in a hotel in a suburban location outside of the City. At some point in October of 2015, Plaintiff's stay at the hotel ended and Plaintiff was without housing. Plaintiff again sought aid from the D.A. and requested that he be transported to live in a safe place outside of Pennsylvania. When he contacted the D.A., Plaintiff was directed to come to the office. When he reached the District Attorney's Office, he met with Defendant Vega, the ADA that was prosecuting the case for the Commonwealth against Powell. Defendant Vega told Plaintiff to accompany him to the Criminal Justice Center, courtroom 705, and that when they got there that he would be placed in a witness protection program. Instead of being placed into a witness protection program, Defendant Vega had Plaintiff detained, handcuffed and taken into custody.

      No hearing or due process took place with regard to the detention/arrest of Plaintiff. Plaintiff did not have representation when he was taken into custody. For the next 19 months, Plaintiff remained incarcerated and never attended a hearing to address his detention. It is Plaintiff's position that Defendant Vega manipulated the criminal justice system to house Plaintiff as a key witness in the Powell case. At the time Plaintiff was detained, Defendant Vega told Plaintiff that "after he testified [in the Powell case] that he would be released." It is well known in the City of Philadelphia that a period of at least two years will expire before a homicide trial will begin. Thus, when Defendant Vega locked-up Plaintiff, he knew that it was likely that Plaintiff would be incarcerated for a period of years.

      For reasons not entirely clear at this time, in the Spring of 2017, Defendant Vega was removed as the prosecutor in the Powell case. Around the time that Vega was removed from the Powell case (May of 2017), Plaintiff was released from prison. At this time, Plaintiff had been

2

incarcerated for 19 months. The murder trial of Mr. Powell has still not occurred.

It appears as though Defendants Vega and D.A. are claiming immunity under <u>Heck</u> arguing that Plaintiff failed to challenge the October 22, 2015 detention. For purposes of this memorandum, Plaintiff agrees that motions were not filed to vacate the October 22, 2015 detention. However, assuming the alleged reason offered by Defendant for Plaintiff's lock-up is a violation of probation, then Plaintiff's Constitutional rights were violated as alleged in the Complaint and under Rule 708 of the PA Code because Plaintiff did not have representation (or a hearing) at the time he was detained and was never afforded a speedy hearing shortly after he was detained. Rule 708 provides that probation shall not be revoked unless a hearing has been held where the defendant and his attorney are present. 234 Pa. Code § 708(b)(1). From October 22, 2015 until May 19, 2017, no such event occurred and did not occur on the date Plaintiff was released.

**Defendants:**

<u>City of Philadelphia</u>

In the Complaint, Plaintiff alleges the City of Philadelphia ("the City") is responsible for training, supervising, and disciplining assistant district attorneys. It also appears from the Complaint that Plaintiff believes the Philadelpia District Attorney's Office ("DAO") is an agent of the City of Philadelphia. Based on these allegations, Plaintiff claims the City is liable to him for maintaining policies or customs exhibiting deliberate indifference to the constitutional rights of persons like Plaintiff in the City of Philadelphia, by failing to supervise, discipline, train and re-train employees of the District Attorney's Office; and that the City is liable based on the doctrine of *respondeat superior*. Plaintiff further claims the City is liable based on state intentional tort theories of false imprisonment and abuse of process.

The City has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting the Plaintiff's claims against the City should be dismissed with prejudice, as amendment of the original Complaint to cure any deficiency will be futile. First, Plaintiff's claims pursuant to 42 U.S.C. § 1983 are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The alleged unlawful detention in the Complaint was the result of convictions unrelated to the *Powell* criminal proceeding for which he was seeking witness protection from the District Attorney Defendants. Plaintiff has not pled—nor can he plead—that those convictions were invalidated. Consequently, he cannot challenge his nineteen months detention under 42 U.S.C. § 1983 and *Heck v. Humphrey*, and his claims must be dismissed with prejudice. Second, even if *Heck* were not a bar to his § 1983 claims, Plaintiff has improperly named the City as a defendant, as the DAO is not an agency or department of the City of Philadelphia. *Sourovelis v. City of Philadelphia*, 103 F. Supp. 3d 694, 710 (E.D. Pa. 2015). Third, Plaintiff's state intentional tort claims against the City are barred by Pennsylvania's Political Subdivision Tort Claims Act. 42 PA. CONS. STAT. ANN. § 8541 et seq. ("the Act"); *and see Palmer v. Bartosh*, 959 A.2d 508, 512 n. 3 (Pa. Cmwlth. Ct. 2008) (the Act waives governmental immunity only for certain negligent acts of the agency or its employees; where an employee's conduct is intentional in nature, the local agency retains its governmental immunity) (citing 42 PA. CONS. STAT. ANN. § 8542; *Lory v. City of Philadelphia*, 674 A.2d 673 (Pa. 1996); and *Petula v. Mellody*, 631 A.2d 762 (Pa. Cmwlth. Ct. 1993).

### **District Attorney Defendants**

It is the position of the District Attorney Defendants that Plaintiff's complaint should be dismissed with prejudice for the reasons set forth in their recently-filed motion to dismiss (ECF No. 4). The detention about which Plaintiff complains was pursuant to an order of the Court of Common Pleas of Philadelphia County revoking his probation. That order was not challenged on

4

appeal or *via* state or federal postconviction procedure and has since been terminated, effectively rendering it unreviewable. Moreover, he was credited for the time he served as part of his sentence on another felony conviction, which similarly has not been challenged on appeal or by postconviction. Accordingly, Plaintiff's § 1983 claims are barred by the doctrine of *Heck v. Humphrey*. Even if they were not, his official capacity claim against ADA Vega is not cognizable, and all ADAs are entitled to absolute immunity on any federal claims for any suit in their personal capacities. Furthermore, Plaintiff has not stated – and cannot, under these facts, state – a plausible *Monell* claim. Finally, in the interest of judicial economy and fairness to the parties, the court should exercise supplemental jurisdiction over the state law claims related to the same conduct, and dismiss them, as they are barred by the doctrine of high prosecutorial immunity, under the Political Subdivisions Tort Claims Act, and because Plaintiff has failed to state a plausible claim for relief.

2. **INFORMAL DISCLOSURES:**

**Plaintiff:** Plaintiff will serve Disclosures before the Rule 16 Conference.

**Defendants:**

### City of Philadelphia

If the Court denies the City's motion to dismiss, the City will serve its Rule 26(a) disclosures within one week of the Court's decision to all counsel of record.

### District Attorney Defendants

The District Attorney Defendants will serve initial disclosures on counsel for all parties in advance of the upcoming Rule 16 conference.

3. **FORMAL DISCOVERY:**

The parties anticipate they will require 120 days to complete fact discovery in this matter. Given the likelihood that discovery in this case will overlap with a pending homicide prosecution in the Court of Common Pleas of Philadelphia County, the District Attorney Defendants request a stay of all discovery until such time as this court decides the pending motions to dismsis. If one or both motions are denied, the court could then assess the propriety of placing this civil action in deferred status pending termination of the underlying criminal case. (Plaintiff does not agree with staying this matter pending the homicide case but is open to discuss the reasons Defendants request this action at the Conference.) The parties anticipate that discovery will include interrogatories, requests for production of documents, possibly independent psychological examinations of the plaintiff, depositions of the parties, depositions of independent witnesses, and depositions of City and DAO designees pursuant to Federal Rule of Civil Procedure 30(b)(6).

### 4. ELECTRONIC DISCOVERY:

The parties do not anticipate engaging in electronic discovery other than to make available and/or produce electronically stored documents. In the event there is a need to conduct electronic discovery, the parties agree to abide by the Courts "default standards" as published on www.paed.uscourts.gov. The parties recognize their obligations to preserve evidence and prevent spoliation.

### 5. EXPERT WITNESS DISCLOSURES:

Plaintiff: Disclose experts 30 days after the completion of fact discovery.

Defendants: Disclose experts within thirty days of the the plaintiff's expert disclosures.

### 6. EARLY SETTLEMENT OR RESOLUTION:

The parties believe a settlement conference before a U. S. Magistrate Judge at the end of fact discovery, but before the dispositive motion deadline, may be helpful.

## 7. TRIAL DATE:

The parties do not request a certain trial date at this time.

## 8. OTHER MATTERS:

### City of Philadelphia

The City has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of all claims against the City with prejudice, as amendment to the orginal Complaint would be futile.

### District Attorney Defendants

The District Attorney Defendants have also filed a motion to dismiss with prejudice pursuant to Rule 12(b)(6). They request a stay of discovery pending a decision on their motion.

Respectfully submitted,

/s/ *William J. Fox*
William J. Fox, Esquire
Law Offices of William J. Fox, P.C.
1626 Pine Street
Philadelphia, PA  19103
(215) 546-2477
*Attorney for Plaintiff*


/s/ *Matthew K. Hubbard*
Matthew Kevin Hubbard
Senior Attorney
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5391
 (215) 683-5397 (fax)
matthew.hubbard@phila.gov
*Attorney for City of Philadelphia*

|  |  |
|---|---|
|  | <u>*/s/ Bryan C. Hughes*</u> |
|  | Bryan C. Hughes |
|  | Chief, Civil Litigation Unit |
|  | Philadelphia District Attorney's Office |
|  | Three South Penn Square, 13th Floor |
|  | Philadelphia, PA 19107 |
|  | (215) 686-5775 |
|  | bryan.hughes@phila.gov |
| Dated:  November 16, 2017 | *Attorney for District Attorney Defendants* |