# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHAHEEM FRIEND | : CIVIL ACTION |
| v. | : |
| CITY OF PHILADELPHIA, c/o City Law Department, PHILADELPHIA DISTRICT ATTORNEY'S OFFICE, c/o City Law Department, A.D.A. CARLOS VEGA, c/o City Law Department and JOHN DOES 1-3, c/o City Law Department | : : : : : : NO. 17-4560 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                          **January 31, 2018**

In this action brought under 42 U.S.C. § 1983, Rhaheem Friend claims he was unlawfully imprisoned for nineteen months to ensure that he would be available to testify as an eyewitness in a murder trial. He sues the Philadelphia District Attorney's Office, Assistant District Attorney Carlos Vega, and John Does 1–3.[1] He also asserts state law claims for false imprisonment and abuse of process.

Defendants move to dismiss the § 1983 claims under *Heck v. Humphrey*, 512 U.S. 477 (1994), arguing that Friend cannot challenge the validity of the state court order detaining him. With respect to the state claims, defendants request that we exercise supplemental jurisdiction and dismiss them as barred by the doctrine of high public official immunity and the Political Subdivisions Tort Claims Act. In the alternative, Vega raises prosecutorial immunity. Both Vega and the District Attorney's Office argue

---

[1] The City of Philadelphia was dismissed with prejudice on November 22, 2017. Order of Dismissal (Doc. No. 9).

Friend has not pointed to any District Attorney's Office policy or custom that permits its prosecutors to engage in unconstitutional conduct.

Because granting Friend's requested relief would necessarily require a finding that the state court's order detaining him was invalid, we shall grant the motion to dismiss the § 1983 claim. We shall also decline to exercise supplemental jurisdiction over the state claims.

## Background

Even if the District Attorney's underlying motive for Friend's detention was to keep him as a material witness, Friend was still detained pursuant to a valid court order. Furthermore, there was probable cause for his detention.

In the spring of 2015, Friend witnessed a murder.[2] In his statement to police, he identified Darnell Powell as the shooter.[3] On July 8, 2015, at a preliminary hearing, Friend identified Powell as the shooter.[4] Later that day, four armed men, whom Friend believed were associated with Powell, knocked on his door.[5] Fearing for his life, Friend sought help from the Philadelphia District Attorney's Office (DA's Office).[6] The DA's Office placed Friend in a witness protection program and relocated him outside of Philadelphia.[7]

Friend was arrested on June 10, 2015, about a month before testifying at

---

[2] Compl. ¶ 12.

[3] Compl. ¶¶ 12–13.

[4] Compl. ¶ 14; Mot. to Dismiss Ex. B, Docket *Comm. v. Darnell William Powell*, No. MC-51-CR-0018185-2015 (C.P. Ct. Phila. Cty.) (Doc. No. 4-2), at 4.

[5] Compl. ¶ 16.

[6] Compl. ¶¶ 18–19.

[7] Compl. ¶ 20.

Powell's preliminary hearing.[8] At that time, he was already serving a three-year probationary sentence for a prior criminal trespass conviction.[9] As a result of his June 10, 2015 arrest, a probation detainer was issued.[10] On August 24, 2015, Friend pleaded guilty to possession of a controlled substance with the intent to deliver.[11]

When Friend's witness protection ended in October 2015, he contacted the DA's Office, asking to be relocated to a different state.[12] On October 22, 2015,[13] Friend met with Assistant District Attorney Carlos Vega, the prosecutor in the Powell murder case.[14] Vega instructed Friend to accompany him to the Criminal Justice Center so that he could be placed in witness protection.[15]

When they arrived, Friend was taken into custody.[16] That same day, a Common Pleas Judge conducted a *Gagnon I* hearing on a motion to revoke probation on his 2014 criminal trespass conviction.[17] The judge issued an order holding Friend for a final

---

[8] Mot. to Dismiss Ex. C, Docket *Comm. v. Rhaheem Friend*, No. CP-51-CR-0006590-2015 (C.P. Ct. Phila. Cty.) (Doc. No. 4-3), at 4.

[9] Mot. to Dismiss Ex. A, Docket *Comm. v. Rhaheem Friend*, No. CP-51-CR-0010750-2014 (C.P. Ct. Phila. Cty.) (Doc. No. 4-1), at 6.

[10] Mot. to Dismiss Ex. C, at 4; Mot. to Dismiss Ex. A, at 8.

[11] Mot. to Dismiss Ex. C, at 4

[12] Compl. ¶¶ 21–22.

[13] The complaint states that Friend met with Vega on October 21, 2015. Compl. ¶¶ 23–24. But, at the pretrial conference, plaintiff's counsel noted that the date may have actually been October 22, 2015, which would correspond with the court record. The criminal docket indicates that Friend was taken into custody on October 22, 2015 pursuant to a court order granting a motion to revoke probation. Mot. to Dismiss Ex. A, at 10.

[14] Compl. ¶¶ 23–25.

[15] Compl. ¶ 26.

[16] Compl. ¶ 27.

[17] Mot. to Dismiss Ex. A, at 10.

revocation decision.[18] Vega informed Friend that he would be released after he testified in the Powell case.[19]

Friend was not released until May 18, 2017, nineteen months later.[20] In the meantime, there were no hearings to address the propriety of his detention.[21] From October 22, 2015 through May 18, 2017, his probation violation hearing was continued eight times.[22]

On October 26, 2017, Friend was sentenced to 11½ to 23 months in prison followed by five years' probation on his conviction for possession of a controlled substance.[23] At the same time, his probation on the trespass conviction was terminated.[24]

**Standard of Review**

A Rule 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint. In order to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

---

[18] *Id.*

[19] Compl. ¶ 29.

[20] Compl. ¶¶ 33–35.

[21] Compl. ¶ 32.

[22] *See* Mot. to Dismiss Ex. A, at 10–13; Mot. to Dismiss Ex. C, at 7–9.

[23] Mot. to Dismiss Ex. C, at 10.

[24] Mot. to Dismiss Ex. A, at 15.

A conclusory recitation of the elements of a cause of action is not sufficient. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The plaintiff must allege facts necessary to make out each element. *Id.* (quoting *Twombly*, 550 U.S. at 563 n.8). In other words, the complaint must contain facts which, if proven later, support a conclusion that a cause of action can be established.

In considering a motion to dismiss under Rule 12(b)(6), we first separate the factual and legal elements of a claim, accepting the well-pleaded facts as true and disregarding legal conclusions. Then, we determine whether the facts alleged, if proven, show that the plaintiff has a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

All well-pleaded allegations of the complaint must be accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences must be drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009).

The court considers only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents to the extent the plaintiff's claims are based upon them. *Hartig Drug Co., Inc. v. Senju Pharm. Co., Ltd.*, 836 F.3d 261, 268 (3d Cir. 2016) (*citing Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

**Heck Doctrine**

Under *Heck v. Humphrey,* 512 U.S. 477 (1994), a plaintiff is barred from bringing a constitutional claim pursuant to 42 U.S.C. § 1983 if a judgment in his favor would demonstrate or imply the invalidity of his criminal conviction. *Id.* at 486–87; *see also Curry v. Yachera*, 835 F.3d 373, 378 (3d Cir. 2016).

5

In *Heck*, the Supreme Court held that to recover damages under § 1983 for false arrest or false imprisonment, a plaintiff must establish that the underlying disposition or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486–87. If granting the relief sought in the plaintiff's § 1983 complaint would necessitate finding that the state court conviction or sentence was invalid, it must be dismissed. *Id.* at 487.

To determine whether a claim is barred by *Heck,* we engage in a two-part inquiry. We first determine whether the plaintiff's conviction has been overturned or invalidated. *Id.* at 486–87. If so, the inquiry ends and the claim is not barred. If not, we ask "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If it would, the claim is barred.

Defendants contend that *Heck* bars Friend's § 1983 claims because he was taken into custody pursuant to a valid revocation of probation order.[25] The *Heck* doctrine applies to a probation revocation decision. *See McBride v. O'Brien*, 646 F. App'x 277, 278 (3d Cir. 2016) (citing *Williams v. Consovoy,* 453 F.3d 173, 177 (3d Cir. 2006)).

Here, the criminal docket shows that Friend was detained after a hearing to determine whether there was probable cause to believe that he had violated his probation.[26] He did not challenge his detention. Consequently, the confinement on the

---

[25] This is assuming Friend met with Vega and was detained on October 22, not October 21.

[26] Mot. to Dismiss Ex. A, at 10.

6

detainer was the result of a valid order. To grant him relief would demonstrate that the detainer order was invalid. Thus, the *Heck* doctrine bars Friend's § 1983 claim.

**False Imprisonment**

Even if *Heck* did not bar Friend's § 1983 claim based on false imprisonment, we would still dismiss it. There was probable cause for his detention, which defeats a false imprisonment cause of action.

Fourth Amendment false imprisonment claims are similar to those for false arrest as both are "grounded in the Fourth Amendment's guarantee against unreasonable seizures." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). An arrest lacking probable cause supports a claim under § 1983 for false imprisonment based on a detention pursuant to an illegal arrest. *Id.* at 636. Conversely, where there is probable cause for an arrest, a false imprisonment claim fails. *See Johnson v. Provenzano*, 646 F. App'x 279, 283 (3d Cir. 2016) (citing *Groman*, 834 F.3d at 636).

There is no question that Vega engaged in trickery and deceit to lure Friend to the Criminal Justice Center to secure his detention. But, that is not the issue. Rather, the question is whether the detention pursuant to the probation detainer was valid because it was based on probable cause.

Though Vega's motivation may have been to hold Friend as a material witness, there was a legitimate, undisputed basis for Friend's detention. A *Gagnon I* hearing is a pre-revocation hearing to determine if there is probable cause that a violation was committed. *See Comm. v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. 2000). A final revocation decision does not issue until after a more comprehensive *Gagnon II* hearing is held. *Id.*

7

The docket indicates he was detained pursuant to a finding at his *Gagnon I* hearing that there was probable cause he violated his probation.[27] *See id.* (indicating that a *Gagnon I* hearing is similar to the preliminary hearing in which the Commonwealth must show probable cause that a probation violation was committed). Indeed, while serving his probationary sentence, Friend pleaded guilty to an unrelated drug offense committed while he was on probation.[28] The conviction was a direct violation of his probation, giving rise to probable cause for the detention order.

Because Friend cannot make out a § 1983 claim based on his detention, we need not address the defendants' other arguments. They rested on his false imprisonment claim.

### State Law Claims

Having concluded that Friend has not stated a federal § 1983 cause of action, we now consider whether we should exercise supplemental jurisdiction over his state law claims.

"Where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original) (citing *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)); 28 U.S.C. § 1367(c)(3). There is no reason to retain jurisdiction over Friend's state law claims, which may be asserted in state court. *See*

---

[27] Mot. to Dismiss Ex. A, at 10.

[28] Mot. to Dismiss Ex. C, at 4; Mot. to Dismiss Ex. A, at 6.

*e.g., Segers v. Williams,* No. 13–2413, 2014 WL 285078, at *5 n.9 (E.D. Pa. Jan. 27, 2014). Therefore, we shall decline to exercise supplemental jurisdiction over the state law claims, leaving Friend to pursue them in state court.

**Conclusion**

*Heck* bars Friend's § 1983 claims based on false imprisonment. With respect to his remaining state law claims, we shall decline to exercise supplemental jurisdiction. Therefore, we shall dismiss the federal claims with prejudice and the state law claims without prejudice so Friend can assert them in state court.